UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
JOEL COUTOU

                         Plaintiff

    -against-                        SECOND AMENDED
                                          COMPLAINT
                                          PLAINTIFFS DEMAND
THE CITY OF NEW YORK,            TRIAL BY JURY
P.O. PAUL DURECKO
P.O. ROBERT MCLOUGLIN,
SGT. BIANERY RODRIQUEZ
and POLICE OFFICER JOHN DOE 1-10

                                                     13-cv- 7966
                        Defendants
------------------------------------------------------------------------X

MICHAEL COLIHAN- ATTORNEY AT LAW

                                                               44 Court Street
                                                                   Suite 906
                                                    Brooklyn, New York 11201

Phone (718) 488-7788

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
JOEL COUTOU

                        Plaintiff
    -against-                                SECOND AMENDED
                                           COMPLAINT
                                           PLAINTIFFS DEMAND
THE CITY OF NEW YORK,               TRIAL BY JURY
P.O. PAUL DURECKO
P.O. ROBERT MCLOUGLIN,
SGT. BIANERY RODRIQUEZ
and POLICE OFFICER JOHN DOE 1-10

                                                   13-cv- 7966
                        Defendants
------------------------------------------------------------------------X


**PRELIMINARY STATEMENT**

    1. This is a civil action for damages brought pursuant to redress the deprivation by defendants of the rights secured to plaintiff under the Constitution and laws of the United States and State of New York. The defendants, upon information & belief, without a warrant and without probable cause, unlawfully assaulted and severely injured the plaintiff. He suffered serious and severe physical and psychological injuries, the full nature and extent have yet to be determined.. The plaintiff did not consent to the assault and it was not otherwise privileged..  By the filing of this complaint, the plaintiff now alleges that the City of New York & the New York City Police Department violated his rights under 42 USC Section 1983, the 4th Amendment of the United States Constitution and New York State law. In addition, the plaintiff invokes the pendant jurisdiction of this court to assert claims arising under state law

2. That the jurisdiction of this Court is invoked under the provisions of Section 1331 & 1343 of Title 28 and Sections 1983 & 1988 of Title 42 of the United States Code . Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 USC Section 1367 to hear and decide their New York State Law claims of assault and the intentional and negligent infliction of mental & emotional distress against the individual defendant police officers.  These state law claims form part of the same case and controversy as plaintiff's federal claims under Article III of the United States Constitution.

3. Because plaintiff's state law claims are brought only against the individual defendant police officers and allege intentional conduct, no notice of claim is required. In suits against municipal or county employees, as opposed to suit against municipalities themselves, " service of the notice of claim upon the public corporation shall be required only if the corporation has a statutory obligation to indemnify such person under this chapter or any other provision of law" N.Y. Gen. Mun. Law Section 50- e (1) n(b)

4. The acts complained of above are not an isolated incident. They are part of a pattern of abuse by the New York City Police Department in the City of New York of false arrests and assaults on innocent civilians particularly against minorities. The motivation includes but is not limited to obtaining overtime compensation, the statistical needs of the NYPD, and other improper motives.

**PARTIES & STATEMENT OF FACTS AND FIRST CAUSE OF ACTION**

5. That at all times hereinafter mentioned, the plaintiff JOEL COUTOU was and still is a resident of the County, City & State of New York.

6. Upon information and belief the defendant THE CITY OF NEW YORK was and is a municipal corporation organized and existing under the laws of the City and State of New York.

7. That Police Officer PAUL DURECKO, POLICE OFFICER ROBERT MCLOUGLIN and SGT. BIANERY RODRIGUEZ were and are an agents, servants and employees of the defendant THE CITY OF NEW YORK

8. That the defendants POLICE OFFICERS JOHN DOE 1-10 were and are agents, servants & employees of the defendant THE CITY OF NEW YORK.

9. That on or about the 1st day of September, 2013 the plaintiff was lawfully at or near East 45th Street at or near its intersection with Church Avenue, County of Kings, City and State of New York. The plaintiff was committing no crime at that time and was not acting in a suspicious manner.

10. That while at the aforesaid time and place the plaintiff was unlawfully and without just cause, approached, accosted and assaulted by the aforementioned officers of THE NEW YORK CITY POLICE DEPARTMENT who were agents, servants and employees of the defendant THE CITY OF NEW YORK who were acting under color of law during the aforesaid transactions, including but not limited to P.O. PAUL DURECKO & POLICE OFFICER JOHN DOE 1-10 .

11.  That by reason of the foregoing the plaintiff suffered and suffered serious and severe physical and psychological injuries, some of which, upon information & belief are permanent in nature.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF

12.  Plaintiff repeats, realleges and reiterates each and every allegation of the complaint with the same force and effect as if more fully set forth at length herein.

13. In the manner as aforesaid, each of the defendants, jointly & severally, acted maliciously, willfully and wantonly, and outside the scope of his jurisdiction, although under color of law, and violated the following rights of the plaintiff; to be free from unreasonable search & seizure, from warrantless search & seizure, from use of excessive force, assault & battery, summary punishment without trial & due process of law.

14. Defendants, its agents servants and employees, by their conduct herein alleged, intentionally, willfully and without justification, and under color of law did deprive the plaintiff of his rights, privileges and immunities secured to him by the Constitution and the laws of the United States, and by 42 U.S.C. Sections 1983 & 1988 and by the statutes and laws of the state of New York which are invoked under the pendant jurisdiction of this Court.

15. That by reason of the foregoing the plaintiff has suffered damage & injury in the sum of FIVE MILLION DOLLARS

**THIRD CLAIM INTENTIONAL INFLICTION OF MENTAL & EMOTIONAL DISTRESS AS AGAINST THE NEW YORK CITY POLICE DEPARTMENT AND THE INDIVIDUALLY NAMED NEW YORK CITY POLICE**

**OFFICERS**

16. Plaintiff repeats the foregoing allegations

17. At all relevant times, plaintiff had not committed any crime or offense and did not act in a suspicious manner.

18. Despite the innocence of the plaintiff, the defendants assaulted him and or failed to intervene to prevent said false assault.

19  Defendant's actions in making false allegations against the plaintiff ,in injuring him  in assaulting him, amounts to conduct intolerable in a civilized society which has caused the plaintiff emotional distress.

20. Accordingly, the individual defendants are liable to the plaintiff under the law of the state of New York for the intentional infliction of mental distress. as described above.


FOURTH **CLAIM FOR THE NEGLIGENT INFLICTION OF MENTAL & EMOTIONAL DISTRESS AS AGAINST THE CITY OF NEW YORK AND INDIVIDUALLY NAMED NEW YORK CITY POLICE   OFFICERS**

21. Plaintiff repeats the foregoing allegations

22.  At all relevant times, plaintiff had not committed any crime or offense and did not act in a suspicious manner.

23.  Despite the innocence of the plaintiff, the defendants arrested him and or failed to intervene to prevent said false arrest.

24. Defendant's actions in making false allegations against the plaintiff, in injuring him, amounts to conduct intolerable in a civilized society which has caused the plaintiff emotional distress.

25. Accordingly, the individual defendants are liable to the plaintiff under the law of the state of New York for the negligent infliction of mental distress.

## FIFTH CLAIM FOR VIOLATION OF THE PLAINTIFF'S CIVIL RIGHTS AS AGAINST THE CITY OF NEW YORK & THE INDIVIDUALLY NAMED NEW YORK CITY POLICE OFFICERS

26 .Plaintiff repeats the foregoing allegations

27. In the manner as aforesaid, each of the defendants, jointly & severally, acted maliciously, willfully and wantonly, and outside the scope of his jurisdiction, although under color of law, and violated the following rights of the plaintiff; to be free from unreasonable arrest , excessive force, summary punishment without trial & due process of law.

28.  Defendants, its agents servants and employees, by their conduct herein alleged, intentionally, willfully and without justification, and under color of law did deprive the plaintiff of his rights, privileges and immunities secured to her by the Constitution and the laws of the United States, and by 42 U.S.C. Sections 1983 & 1988 and by the statutes and laws of the state of New York which are invoked under the pendant jurisdiction of this Court  for the incident as described above.. His rights were violated because he was deprived on his liberty as described above.

r

## SIXTH CLAIM- MONELL VIOLATION

29. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

30. That the City of New York is a "person" within the meaning of 42 USC Section 1983.

31. That City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by the plaintiff.

32  Upon information & belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD,  and lawless officers who have previously committed acts similar to those herein complained of, have a tendency and predisposition for unlawful, illegal and unconstitutional conduct and or have been poorly trained, supervised and disciplined.

33 A number of members of the New York City Police Department have been convicted of crimes involving corruption, perjury, making false allegations against civilians and other criminal activity.

34. In the year 2011, former Brooklyn South Narcotics Division officer Jerry Bowen was convicted of homicide and attempted murder while he was under indictment for other crimes.

34. Former NYPD Commissioner Bernard Kerik was convicted of corruption related crimes in connection with his employment with the NYPD and served time in federal prison.

36 .In *Colon v the City of New York*, Nos. 09 cv 8, 09 cv 9 (JBW) 2009WL 4263362 (EDNY November 25, 2009), the federal court stated that an " informal inquiry by this court and among the judges of this court, as well as knowledge of cases in other federal & state courts has revealed anecdotal evidence of repeated, widespread falsification by arresting officers of the NYPD.

37. There has been a patter of abuse and false arrest by officers of the NYPD as evidenced by numerous lawsuits by persons of color,  The actions include the following brought in the US District Court for the Eastern & Souther Districts of New York  Bey v  v NYC, et al 09-03595 , Strong v NYC et al, 10-01602,  Brown v NYC et al 11-02277 , Stephens v NYC et al 11-05281 , Rhone v the City of New York , 12-cv-00747  Goodwin v the City of New York, 04-01482. Weston v the City of New York, 06-1513 ; In this case the plaintiff was a 52 year old

college graduate with no criminal record who had suffered from a stroke shortly before the incident.  The plaintiff, who was employed at Wagner High School as a teacher's assistant, also had to fight eviction proceedings because he lived in an apartment owned by the New York City Housing Authority .Nielson v the City of New York , Patterson v NYC et al 10-cv-00231 Lawrence v The City of New York, 11-05066.  Archipoli v the City of New York, 10-1986 , where there were several plaintiffs, including a 17 year old boy, and 39 year old William Archipoli who was confined to a wheelchair at the time as he suffers from muscular dystrophy The plaintiffs were in their own home on Staten Island when P.O. Orsini and others entered 219 Jefferson Street. The officers drew guns on all, including the wheelchair bound plaintiff. Criminal charges were filed and later dismissed in Richmond County Criminal Court.;Coleman v the City of New York 11-2574, Rosenblum v the City of New York, 07 cv- 02158. Thompson v the City of New York,  Ohagan v the City of New York 09-05597 Bennett The v City of New York, 11-1929.Bunche v the City of New York, 10-cv-5731.  Morrow v NYC et al 11- 03054 George v NYC et al 10-cv-02407 Morrow v NYC et a; 11-03054  Butta et al v NYC, 11-cv-02843, Hewitt v NYC et al 09-00214, Goodwin v NYC 04-01482,, Olushesi v NYC et al 09-01754, Patterson v NYC 10-00231, Johnson,v NYC et al 10-02407, Canlo v NYC 11-00052, Bennett v NYC, et al 11-cv-01929, , Hosang v NYC , et al 12-00751, Tung v NYC, 08-00181, Green v NYC et al 09-01825, Whittaker v NYC et al 08-03209, Mangal & Burton v NYC, 07-3777,  Knox v NYC et al 00-00027, and Kelly v NYC et al al 10-08438 This is a total of 36 separate actions. P.O. Vincent Orsini has ben sued in at least 16 separate lawsuits

38. Despite the foregoing, the City of New York exercised deliberate indifference to the aforementioned abuses against civilians such as the plaintiffs by failing to take remedial action. The City failed to properly train, retain supervise discipline and monitor the defendants ad other members of the service guilty of similar abuses.

39 The City's failure to act resulted in a violation of the plaintiff's constitutional rights

40.  At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of

the unconstitutional conduct alleged herein.

41 . At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline employees and police officers, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline the individually named defendants .  The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

42. As a result of the foregoing, plaintiff was deprived of liberty, suffered  emotional injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, the plaintiff respectfully preys to the court for judgment upon each cause of action as follows:

a. Compensatory damages in an amount which this Court shall consider to be just and fair:

b. Punitive and exemplary damages in an amount which this Court shall consider to be just & fair;

c. Attorney's fees in an amount which this Court shall consider just & fair;

d.  Together with the costs and disbursements of this action and such other and further relief which this Court may seem just & proper.

DATED: BROOKLYN, NY

    July 16, 2014        This is an electronic signature

                -------------------/s/--------------------------

                MICHAEL COLIHAN (MC-0826)

                Attorney for the Plaintiff

                44 Court Street

                Suite 906

                Brooklyn, NY 11201

                (718) 488-7788